UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80434-CIV-MARRA

DOMINIQUE MCCLAIN BARTEET,

Plaintiff,

vs.

KURT EISMANN, JOEL P. STEPHENSON,
PALM BEACH COUNTY PLANNING
ZONING & BUILDING DEPARTMENT and
CODE ENFORCEMENT DEPARTMENT,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants' Motion to Dismiss (DE 5). The motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

Plaintiff Dominique McClain Barteet ("Plaintiff") has brought a one count Complaint pursuant to 42 U.S.C. § 1983 for a violation of equal protection under the Fourteenth Amendment of the United States Constitution. The Complaint makes the following allegations:

In 2007, Plaintiff bought property at 2299 Palm Harbor Drive, Palm Beach Gardens, Florida, 33410. (Compl. ¶ 9.) The home did not have a pool barrier fence. (Compl. ¶ 10.) On or about December 6, 2007, a "shadowbox privacy fence" was built on the northern side of plaintiff's house. (Compl. ¶ 11.) The shadowbox privacy fence was not designed to be a pool barrier fence nor did it encompass the pool. (Compl. ¶ 12.)

Plaintiff's northern adjacent neighbor Ira Kitzen started construction on his property, without a permit, and built permanent structures that encroached on Plaintiff's property. (Compl. ¶ 13.) Kitzen was also in violation of a five foot setback from the property line. (Compl. ¶ 14.) During the Kitzen construction, the contractor damaged the shadowbox privacy fence that housed Plaintiff's animals. (Compl. ¶ 15.) Plaintiff then contacted Defendant Planning, Zoning and Building Department of Palm Beach County ("Planning and Zoning") to report Kitzen. (Compl. ¶ 16.)

Thereafter, Plaintiff received a citation that his pool built in 1987 was in violation of a building code. (Compl. ¶ 17.) The pool never had a barrier fence when the house was bought in 2007. (Compl. ¶ 18.) Plaintiff then built a six foot wood fence to house his animals and remedy the building violation. (Compl. ¶ 20.) Similarly situated property owners are only required to have a four foot fence for a pool under construction. (Compl. ¶ 22.) Defendant Joel P. Stephenson capriciously ordered Plaintiff to raise the six foot fence higher than is allowed by law. (Compl. ¶ 24.) Plaintiff alleges she called code enforcement director, Defendant Kurt Eisman, who used profanity during the telephone call and told Plaintiff she would be fined $500 per day. (Compl. ¶ 25-27.)

Plaintiff was also unlawfully ordered to put an alarm on a gate that had a self-closing latch, a four foot gate on her dock, and a barrier on top of the manmade seawall adjacent to the intracoastal waterway. (Compl. ¶¶ 28-30, 36.) Similarly situated property and property owners along the intracoastal waterway do not have barriers between their pools and intracoastal waterway. (Compl. ¶ 37.)

Defendants treated Plaintiff differently than similarly situated property owners. (Compl.

¶ 41.) Plaintiff was the subject of "ill will and malicious intent" on the part of Defendants. (Compl. ¶ 42.)

Defendants move to dismiss the Complaint on several bases. First, Defendants argue that the government entity sued, the Palm Beach County Planning Zoning & Building Code Enforcement Department, is not the proper name of any county department and, in any event, the actions of a county must be brought against the county itself. Second, Defendants contend that the Complaint fails to identify a final policy maker. Third, the claims against the individual defendants are deficient because they are not final decision makers. With respect to pleading the equal protection claim, Defendant states that the Complaint fails to identify proper comparators to support the claim. Finally, Defendant argues that qualified immunity applies.

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

   III.  Discussion

The Court begins by observing that Defendants are correct that it is improper for Plaintiff to have named several county departments as Defendants. See, e.g., Joseph v. City of Tampa Solid Waste Dept., No. 8:12–cv–744–T–23TBM, 2012 WL 2865492, at * 1 (M.D. Fla. July 11, 2012) (rejecting a lawsuit filed against a county solid waste department because "city government department may sue or suffer suit only if the department constitutes a separate legal entity explicitly empowered to sue or suffer suit."); Masson v. Miami-Dade County, 738 So. 2d 431, 432 (Fla. Dist. Ct. App. 1999) (under Florida law, municipal police departments do not have the capacity to be sued); N. Miami Beach Water Bd. v. Gollin, 171 So. 2d 584 (Fla. Dist. Ct. App. 1965) (city water board is not autonomous body, separate and apart from city).  Therefore, the claim against Palm Beach County Planning, Zoning and Building Department and the Code Enforcement Department is dismissed.  Plaintiff points out, however, that because she has named the individual Defendants in both their individual and official capacity she has essentially brought a claim against the County.  See Mann v. Taser Intern., Inc., 588 F.3d 1291, 1308-09 (11th Cir. 2009) ("A claim asserted against an individual in his or her official capacity is, in reality, a suit against the entity that employs the individual").  As such, Plaintiff has properly

sued the County.

An examination of the Complaint, however, shows that Plaintiff has failed to plead necessary facts to allow her to proceed under section 1983. Specifically, the Complaint is devoid of any allegations that the actions were taken by an official policy maker or were in execution of an official custom or policy of the County. Indeed, it is a well-settled principle that a municipality or county cannot be held liable under section 1983 for the acts of its employees on a theory of respondent superior. Scala v. City of Winter Park, 116 F.3d 1396, 1399 (11th Cir. 1997) (citing Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978)). The City may only be held liable for the execution of an official government policy or custom. Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003); Scala, 116 F.3d at 1399. For an official to have policymaking authority, his or her decisions must be final and not subject to review. Scala, 116 F.3d at 1399

The Eleventh Circuit has cautioned district courts to distinguish between the "final policymaker" and the "decisionmaker." Quinn v. Monroe County, 330 F.3d at 1326-27. "The final policymaker inquiry addresses who takes actions that may cause the municipality . . . to be held liable for a custom or policy [whereas] the decisionmaker inquiry addresses who has the power to make official decisions and, thus, be held individually liable." Id. (internal quotations omitted).

Absent a decision by a policymaker, liability against a municipality may be based on custom and requires a plaintiff to establish "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481

(11th Cir. 1991) (citations and quotations omitted).  Such a widespread practice is "deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Id.  Moreover, "a municipality's failure to correct [ ] constitutionally offensive actions of its employees can rise to the level of a custom or policy if the municipality tacitly authorizes these actions or displays deliberate indifference towards the misconduct." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1308 (11th Cir. 2001) (internal quotation marks omitted).  However, "[r]andom acts or isolated incidents are insufficient to establish a custom." Church v. City of Huntsville, 30 F.3d 1332, 1345 (11th Cir. 1994).

      Here, the Complaint does not allege any widespread custom or policy.  In fact, the Complaint instead alleges that Defendants treated Plaintiff differently than other similarly situated property owners. (Compl. ¶ 41.)  Although the Complaint alleges that Eismann is the code enforcer director, the Complaint does not allege that Eismann possessed final policymaking authority.  As such, the Complaint fails to allege adequately that his acts constitute official policy to hold the County liable under section 1983.  See Conley v. City of Dunedin, FL, No. 8:08–cv–1793–T–24–MAP, 2009 WL 812061, at * 7 (M.D. Fla. Mar. 25, 2009) (section 1983 claim is deficient when the complaint did not allege the "code enforcement department head" possessed final policymaking authority).  Likewise, the Complaint does not allege that Eismann's decisions are final and not subject to review. Plaintiff may amend the Complaint to correct these pleading deficiencies.

      Plaintiff should also amend the Complaint with respect to the individual liability of the individual defendants. Although it appears from Plaintiff's response memorandum (Resp. at 4) that she now claims the individual defendants are official decision makers, the Complaint fails to

allege that fact. See Quinn, 330 F.3d at 1326. Assuming that Plaintiff can allege the individual defendants were official decision makers, the Complaint must also identify from where this authority stems. Id. at 1328 (authority is given to a decisionmaker by a rule or by statutory authority).

Turning next to the equal protection claim, the Court notes that Plaintiff brings this claim under the "class of one" theory. The Eleventh Circuit explains a "class of one" equal protection claim as follows:

> To prevail on a "class of one" equal protection claim, [p]laintiffs must show they were intentionally treated differently from others who were similarly situated and that there is no rational basis for the difference in treatment. To be similarly situated, the comparators must be prima facie identical in all relevant respects.

Grider v. City of Auburn, Ala., 618 F.3d 1240, 1263-64 (11th Cir. 2010) (internal quotation marks and citations omitted). Here, it appears the Complaint is challenging four separate determinations by Defendants which include the fence for the pool, an alarm for a gate, a gate on the dock and a barrier on a seawall. Although the Complaint states that Plaintiff was treated differently from her neighbors with respect to these items, it is entirely unclear how the neighbors are similarly situated. Indeed, the facts alleged on this point are simply conclusory. (Compl. ¶¶ 22, 31, 37, 41.) Thus, Plaintiff should amend the Complaint to remedy this pleading deficiency.[1]

Finally, with respect to qualified immunity, the Court cannot make a determination on this defense until Plaintiff is given the opportunity to show that there has been a violation of a

---

[1] Plaintiff relies heavily on Willowbrook v. Olech, 528 U.S. 562 (2000). To the extent she relies on this case for the position that "[t]he final policymaker standard does not apply" (Resp. at 4-5), Olech does not discuss the issue of a final policymaker. As for Olech's discussion of a "class of one" claim, the Court cannot determine whether this case applies given that the current Complaint is too conclusory to make a proper comparison.

constitutional right.  See Saucier v. Katz, 533 U.S. 194, 201 (2001) (in addressing a claim of qualified immunity, the Court must first examine whether there is a constitutional violation). Should Plaintiff file an amended Complaint, the Court can then consider this defense.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss (DE 5) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff may file an amended complaint **within 20 days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 16th day of September, 2013.

_____
KENNETH A. MARRA
United States District Judge